**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**MONROE DIVISION**

| | |
|---|---|
| **RANDY WRIGHT** <br>     **LA. DOC #506814** <br> **VS.** | **CIVIL ACTION NO. 3:11-cv-0136** <br><br> **SECTION P** <br><br> **JUDGE ROBERT G. JAMES** |
| **WARDEN BILLY TIGNER, ET AL.** | **MAGISTRATE JUDGE KAREN L. HAYES** |

**REPORT AND RECOMMENDATION**

*Pro se* plaintiff Randy Wright, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on January 24, 2011. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC); he is incarcerated at the Jackson Parish Correctional Center (JPCC), Jonesboro, Louisiana, and he complained about conditions of confinement and the adequacy of medical care he received following an incident that occurred on September 22, 2010. He sued JPCC Warden Billy Tigner, Head Nurse Courtney Whitehead, Sgt. Diffy, Assistant Warden Ducote, and Jackson Parish Sheriff Andy Brown. In his original complaint, he prayed only for a transfer to an LDOC facility; in an amended complaint he prayed for money damages of $200,000 for pain and suffering.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted.

*Background*

*1. Original Complaint [Doc. #1]*

In his original complaint filed on January 24, 2011 plaintiff alleged, "I am not getting the proper medical treatment at this facility because I have been denied medications that were previously prescribed at other facilities. I also had to be rushed to the hospital (Jonesboro Hospital/Medical Center) because I was locked outside on the yard without any water. I require certain medical treatments due to pre-existing conditions but cannot get the proper treatment here." [Doc. #1, ¶IV]

As noted above, plaintiff prayed only for a transfer. [Id., ¶V]

*2. Amend Order and Amended Complaint [Docs. #3 and #4]*

Plaintiff was directed to provide more factual support for his claims. Among other things he was instructed to "... allege facts sufficient to demonstrate what **EACH** defendant did to violate his rights..." and to describe the nature of his illness and the type of treatment or medication he maintains would be proper, along with a description of the injury which resulted from the delay in receiving medical attention.

According to the amended complaint, plaintiff was in the recreation yard on September 22, 2010, when he fell ill due to the heat. He asked Diffy to give him water or allow him to return indoors. Diffy refused his request and three minutes later plaintiff "passed out." He "was immediately taken to Jonesboro Hospital for treatment" in the prison van. During the interval between plaintiff's loss of consciousness and his arrival at the hospital, "he was in the care of Nurse Courtney Whitehead." According to plaintiff she immersed plaintiff's body in ice packs because she believed that he was overheated. However, plaintiff contends that the ice "locked him up."

Plaintiff complained that "... the facility is unfit to handle emergency medical situations

because they had no I.V.'s to rehydrate his body and wasn't able to get him to an Emergency Medical Vehicle (Ambulance) so he could have had the proper I.V. treatment."

He faulted Sheriff Brown, Warden Tigner, and Ducote "for not having the proper procedure implemented..." Plaintiff argued that the facility should have at least one well-trained nurse able to handle the situation he experienced or, at the very least, a cooler of ice available on such a hot day.

*Law and Analysis*

*1. Screening*

When a prisoner is allowed to proceed *in forma pauperis* in a suit against an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, but they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge*

*No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. . *Ashcroft v. Iqbal,* ___ U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Courts are not only vested with the authority to dismiss a claim based on an indisputably meritless legal theory, but are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neiztke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Plaintiff's original complaint alleged that he was not being treated for some unspecified pre-existing medical condition. He also mentioned that he was "rushed" to a nearby hospital on some unspecified date. He was directed to amend his complaint to flesh out these claims by providing facts to support his claim that his constitutional rights were violated. He amended his complaint but made no mention of the pre-existing condition, nor did he describe the medication he was being denied or the injury he sustained as a result of either incident.

*2. Medical Care*

Plaintiff is a convict who complains that he has not received the appropriate treatment and care for some as yet undefined pre-existing medical condition, and, that he was denied prompt and appropriate medical care by Sgt. Diffy and Nurse Whitehead on September 22, 2010.

4

The constitutional right of a convicted prisoner to safe conditions of confinement and prompt and adequate medical care is based upon the Eighth Amendment's prohibition of cruel and unusual punishment. Rights guaranteed under the Eighth Amendment are violated only if the defendants act with deliberate indifference to a substantial risk of serious harm which results in injury. Deliberate indifference requires that the defendants have subjective knowledge of the risk of harm. Mere negligence or a failure to act reasonably is not enough. The defendants must have the subjective intent to cause harm. *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

Thus, in order to establish an actionable constitutional violation a plaintiff must allege facts tending to establish that the defendants were deliberately indifferent to his serious medical needs and safety. *Thompson v. Upshur County, Texas*, 245 F.3d 447, 457 (5th Cir.2001). A showing of deliberate indifference with regard to medical treatment requires the inmate to allege and ultimately submit evidence that prison officials " 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.' " *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001) (citation omitted). Plaintiff's pleadings fall far short of alleging facts sufficient to establish deliberate indifference on the part of any of the named defendants or any of the other corrections officers or healthcare officials identified in his pleadings.

With regard to his initial claim – that he is being treated improperly for a pre-existing condition – plaintiff has provided only conclusory allegations, unsupported by facts. Plaintiff was ordered to provide a description of the condition, a list of the medications he believes would alleviate the condition, and a description of the injury he sustained as a result of the defendants' allegedly unconstitutional response to the condition. Plaintiff provided none of the information required of him

and therefore, it must be assumed that he has abandoned this claim. In any event, the allegations clearly do not establish deliberate indifference on the part of any of the named defendants.

Plaintiff also complains that he was denied immediate and appropriate care and treatment on September 22, 2010. He implies that the defendants' response to his condition evidenced deliberate indifference on their part. However, the facts alleged in his amended complaint, all of which are taken as true for the purposes of this report, establish otherwise. According to plaintiff, when he requested assistance from Sgt. Diffy, his request was denied; however, plaintiff then lost consciousness within 3 minutes of the conversation with Diffy. Plaintiff has not alleged that his condition was such that Diffy must have been aware of the need to provide immediate treatment. In any event, plaintiff concedes that following the loss of consciousness, he was "immediately taken to Jonesboro Hospital for treatment." Further, plaintiff concedes that from the time he lost consciousness until the time he was taken to the hospital, he was under the constant care of Nurse Whitehead. Further, plaintiff concedes that Whitehead assumed that plaintiff was "overheated" and therefore she "immersed his body in ice packs" in order to ameliorate his condition.

Clearly, plaintiff disagrees with the diagnosis and course of treatment that he received from Diffy and Whitehead. However, plaintiff's disagreement with the diagnosis and course of treatment that was ultimately provided to him falls far short of establishing deliberate indifference since mere disagreement with medical diagnosis or treatment does not state a claim under the Eighth Amendment. *See Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir.1997), citing *Young v. Gray*, 560 F.2d 201, 201 (5th Cir.1977); *Spears v. McCotter*, 766 F.2d 179, 181 (5th Cir.1985).

Further, with regard to Diffy and Whitehead, plaintiff, at worst, has alleged negligence or malpractice on the part of these defendants. In other words, read liberally, he implies that Diffy

6

should have known that he was ill and Whitehead should have known that another form of treatment was more appropriate. However, deliberate indifference is not the equivalent of negligence; deliberate indifference "describes a state of mind more blameworthy than negligence." *Farmer v. Brennan*, 511 U.S. 825, 835, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Under the deliberate indifferent standard, it is not sufficient that defendants should have known of a substantial risk; they must have actual knowledge of the risk and must thereafter have ignored it. In other words, a civil rights plaintiff must allege and prove that each of the defendants knew of and then disregarded an excessive risk of injury to him, and, that they were both aware of the facts from which the inference could be drawn that a substantial risk of serious harm existed, and that they drew that inference. *Id.* at 837.

Put another way, the standard of deliberate indifference requires more than just evidence of unsuccessful medical treatment, negligence, neglect, or even gross medical malpractice. *Gobert v. Caldwell*, 463 F.3d 339, 347 (5th Cir.2006); *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir.1991); see also *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir.1999) ("[A]lthough inadequate medical treatment may, at a certain point, rise to the level of a constitutional violation, malpractice or negligent care does not."); *Graves v. Hampton*, 1 F.3d 315, 319 (5th Cir.1993) ("It is firmly established that negligent or mistaken medical treatment or judgment does not implicate the eighth amendment and does not provide the basis for a civil rights action.").

In short, "[T]he decision whether to provide additional treatment is a classic example of a matter for medical judgment." *Gobert*, 463 F.3d at 346. For that reason, mere disagreement with medical diagnosis and treatment does not state a claim for deliberate indifference to serious medical needs under the Eighth Amendment. *Id.* Even if a lapse in professional judgment occurred, any such

7

failure amounts to mere negligence or malpractice, and not a constitutional violation. *Harris v. Hegman*, 198 F.3d 153, 159 (5th Cir.1999). Federal constitutional protections are not violated merely because an inmate's medical treatment was unsuccessful or because a condition persisted despite treatment. *Gobert*, 463 F.3d at 346.

Finally, plaintiff has faulted the prison's administrators for failing to have intravenous fluids or more highly trained health care professionals on staff. However, plaintiff has not shown that even these failures amounted to deliberate indifference on the part of the Sheriff and his Wardens. Plaintiff has not alleged that the condition he experienced was so commonplace or likely to occur that the administrators failure amounted to subjective deliberate indifference.

In short, plaintiff's failure to demonstrate deliberate indifference on the part of the named defendants, or anyone else, is fatal to his complaint.

### *Order and Recommendation*

Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaints be **DISMISSED WITH PREJUDICE** for failing to state a claim on which relief may be granted in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days**

**following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglass v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, May 4, 2011.

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE